[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This a petition to terminate parental rights. The petition and the supporting social study allege that the children were previously adjudicated to be neglected and that the respondent mother has failed to comply with the "specific steps" ordered by the court for her to address her mental health problems. As a result, the petitioner, the Department of Children and Families (DCF), alleges that the respondent "has failed to demonstrate such a degree of personal rehabilitation as would encourage the belief that within a reasonable rime, considering the children's ages and needs, [she] could assume a responsible position in the [lives] of the children." See General Statutes § 17a-112 (c).
Pursuant to General Statutes §§ 17a-688, 52-146c, 52-146f, 52-146k,52-146p, 52-146q,42 U.S.C. § 290dd-3 et seq. and 42 C.F.R. § 2-64 (subpart E), DCF has filed a motion for disclosure of confidential records and for "testimony regarding such records." The respondent opposed the motion and moved for a protective order and for an in camera review of the records.
Pursuant to the protocol among the judges assigned to the Child Protection Session of the Superior Court, the motions were assigned to a judge other than the judge who will hear the trial of the case. A hearing was held at which counsel were heard in argument. The respondent argued that the documents, or certain of them, were not relevant. In order to determine the issue of relevance the court examined the documents, which had been subpoenaed, in camera. See Practice Book § 40-43.[1]
The criteria for determining whether to disclose the records is articulated in In re Romance M., 30 Conn. App. 839, 848-52, 622 A.2d 1047
(1993), appeal dismissed, 229 Conn. 345, 641 A.2d 378 (1994). With respect to the respondent's claim that the records are not relevant, the settled rule is that "[r]elevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is irrelevant or too remote if there is such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former is not worthy or safe to be admitted in the proof of the latter. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Emphasis in original; internal quotation marks omitted.) State v. DeCaro, 252 Conn. 229, 257, 745 A.2d 800 (2000).
Applying this test, the court readily concludes that the lion's share of the documents, consisting principally of records of the Connecticut CT Page 13420 Mental Health Center, Yale New Haven Hospital and psychiatric skilled nursing visit notes of On Duty Home Care, Inc. are relevant to the issues in the petition. "[W]hen the mental health of a parent in a termination of parental rights case is an issue, as it is in this case, the best interest of the child requires that the privilege between psychiatrist and patient give way once it is shown to the trier of fact that the `communications and records' are relevant to the issues in the case." Inre Romance M., supra, 30 Conn. App. 852. That certain of the records allegedly contain inaccurate information, as claimed by the respondent, is inapposite. Nor does the fact that certain of the records may pertain to the care of a child who is not the subject of these proceedings negate their relevancy.
The court finds that good cause has been shown for the disclosure of the records designated by the court. Those records that are not disclosed, consisting principally of insurance and billing information, shall remain sealed. Cf. Practice Book § 40-43. The issue of what testimony shall be admitted regarding the records is an issue to be determined by the trial judge.
BY THE COURT
 Bruce L. Levin Judge of the Superior Court